

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700  (973) 645-2700
Newark, New Jersey 07102

April 26, 2021

John J. McMahon, Esq.
80 Main Street, Suite 580
West Orange, NJ 07052

      Re:  <u>Plea Agreement with Wali Duncan</u>

Dear Mr. McMahon:

      This letter sets forth the plea agreement between your client, Wali Duncan ("DUNCAN"), and the United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement expires on May 5, 2021.**

<u>Charges</u>

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from DUNCAN, to a two-count Information. Count One charges that from in or around February 2018 through on or about July 31, 2019, DUNCAN conspired and agreed with others to distribute and possess with intent to distribute one kilogram or more of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation 21 U.S.C. § 846. Count Two charges that on or about July 31, 2019, DUNCAN possessed with the intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

      If DUNCAN enters a guilty plea and is sentenced to 144 months of imprisonment and 5 years of supervised release on these charges (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against DUNCAN for conspiring and agreeing to distribute and possess with intent to distribute one kilogram or more of heroin from in or around February 2018 through on or about July 31, 2019, and for on or about July 31, 2019, possessing with intent to distribute heroin. However, the parties agree that this agreement does not bar the use of DUNCAN's conduct as set forth in the proposed two-count Information

as predicate acts or as the bases for sentencing enhancements in a subsequent prosecution, including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* Moreover, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, DUNCAN agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by DUNCAN may be commenced against DUNCAN, notwithstanding the expiration of the limitations period after DUNCAN signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentence or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which DUNCAN agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years, a statutory maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $20,000,000, or (2) twice the gross profits or other proceeds to DUNCAN, or (3) twice the gross loss to someone other than DUNCAN.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which DUNCAN agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to DUNCAN, or (3) twice the gross loss to someone other than DUNCAN.

The sentences on Counts One and Two may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on DUNCAN, the sentencing judge: (1) will order DUNCAN to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order DUNCAN to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; and (4) may deny DUNCAN certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Additionally, with respect to Count One, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require DUNCAN to serve a term of supervised release of at least five years, which will begin at the expiration of any term of imprisonment imposed. Should DUNCAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DUNCAN may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

With respect to Count Two, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require DUNCAN to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should DUNCAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DUNCAN may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and DUNCAN agree that a sentence of 144 months' imprisonment, followed by a five-year term of supervised release is the appropriate disposition of this case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence DUNCAN to 144 months of imprisonment and five years of supervised release. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentence, DUNCAN has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Restitution

DUNCAN agrees to make full restitution for all losses resulting from the offenses of conviction, or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses.

Forfeiture

DUNCAN agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, DUNCAN will forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all

property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

DUNCAN further consents to the entry of a forfeiture judgment in the amount representing the proceeds he obtained as a result of committing the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853 (the "Forfeiture Judgment"). Payment of the Forfeiture Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. DUNCAN shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

DUNCAN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, DUNCAN consents to the entry of a Consent Judgment of Forfeiture that will be final as to DUNCAN prior to DUNCAN's sentencing. DUNCAN understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of DUNCAN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. DUNCAN hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DUNCAN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DUNCAN's activities and relevant conduct with respect to this case.

Stipulations

    This Office and DUNCAN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or DUNCAN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

    This Office and DUNCAN agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. DUNCAN further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

Immigration Consequences

    DUNCAN understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. DUNCAN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DUNCAN wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. DUNCAN understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, DUNCAN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

    This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DUNCAN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against DUNCAN.

    No provision of this agreement shall preclude DUNCAN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that DUNCAN received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between DUNCAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: KENDALL RANDOLPH
Special Assistant U.S. Attorney

APPROVED:

DESIREE L. GRACE
Deputy Chief, Criminal Division

I have received this letter from my attorney, John McMahon, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

s/ Wali Duncan                                       Date: 4-25-21
Wali Duncan

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

s/ John J. McMahon                                   Date: 4-25-21
John McMahon, Esq.

- 8 -

<u>Plea Agreement with Wali Duncan ("DUNCAN")</u>
<u>Schedule A</u>

1. This Office and DUNCAN agree to stipulate as follows:

    a. From at least in or around February 2018 through on or about July 31, 2019, DUNCAN knowingly and intentionally conspired and agreed with others to distribute and possess with intent to distribute at least one kilogram of heroin.

    b. Additionally, from at least in or around February 2018 through on or about July 31, 2019, DUNCAN and others used the Rotunda Recreation & Wellness Center, which is owned and operated by the City of Newark, in furtherance of the conspiracy and to facilitate distribution of heroin.

    c. On or about July 31, 2019, DUNCAN knowingly possessed with intent to distribute less than 10 grams of heroin.